UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE MOORE,<br><br>       Plaintiff,<br><br>-against-<br><br>MANHATTAN DISTRICT ATTORNEY'S OFFICE (CYRUS R. VANCE, JR.); MANHATTAN LEGAL AID SOCIETY,<br><br>       Defendants. | 1:19-CV-8940 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN MCMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated in the Midstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 against the Office of the District Attorney of New York County and the "Manhattan Legal Aid Society." By order dated January 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's 18-page complaint is, for the most part, a collection legal terms (such as attornment, bailments, pledge, and specific performance) with citations to statutes, cases, treatises, and other legal-reference sources, including the Uniform Commercial Code and *Black's Law Dictionary*. (ECF 1.)

Plaintiff asserts that: "[t]his suit will prove that [the defendants] ha[ve] subjected [him] as well as others to actions deemed criminal actions at law but actually were equitable civil actions seeking from defendants equitable relief of specific performance"; his "indictment or 'true bill' is an [e]ndorsed negotiable instrument when the grand jury foreperson [e]ndorse[d] such instrument therein designating it transferable (negotiable)"; and the "[e]ndorsement by the grand jury foreperson as transferor passes title & ownership of property to the state 2nd plaintiff as (transferee) thus becoming the new hold in due course!" (*Id.* at 2-3.)

Plaintiff further asserts that: his entire "criminal action [is] actually . . . an implied contractual commercial agreement to pledge property as collateral to secure [a] debt obligation also proven by the Grand jury foreperson's [e]ndorsement of the indictment which amounts to [a]

2

pledge to transfer title to such property . . . to another person"; he "never consciously agreed to such contractual stipulations nor [is he a] vessel of commerce pledged an[d] subject to the jurisdiction in such status and under such de facto [and] colorable civil equitable admiralty jurisprudence"; and "to be tried under such jurisprudence is an act of fraud, tyranny and malicious prosecution giving rise to an 8th Amendment violation." (*Id.* at 6, 14, 15.)

Plaintiff seeks $11,700,000 in damages.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint must be dismissed as frivolous. Plaintiff's allegations rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

This action is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 31, 2020
        New York, New York

                                                  COLLEEN McMAHON
                                              Chief United States District Judge